# In the United States Court of Federal Claims

No. 02-98C

(Filed: January 14, 2005)

SAUL II SUBSIDIARY, L.P.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ORDER**

On August 16, 2004, a post-discovery status conference was held in this matter. Participating in the conference were Francis Purcell on behalf of plaintiff and John Groat on behalf of defendant. On August 17, 2004, based upon discussions held at the conference, the court filed an order adopting a briefing schedule for defendant's motion and plaintiff's cross-motion for summary judgment. Pursuant to that order, defendant was required to file its motion for summary judgment "on or before October 29, 2004."

No such motion was received. On November 18, 2004, the court, through one of its clerks, contacted counsel for defendant regarding its failure to file. Counsel indicated his intention to file the motion out of time sometime before the month of December. Again, no such motion was received.

On or about December 3, 2004, the court, through one of its clerks, contacted counsel for plaintiff by voicemail, advising plaintiff of the situation and requesting that counsel return the call to discuss the matter. Counsel did not respond.

The court's order of August 17, 2004, required plaintiff to file its cross-motion for summary judgment on or before December 10, 2004. No such motion has been received. On December 10, 2004, plaintiff filed a status report indicating that it had "discussed the briefing schedule" with defendant and that defendant "has indicated that he anticipates filing a revised briefing schedule during the week of December 13, 2004." No such revised briefing schedule has been filed by either party.

Defendant's motion for summary judgment is now more than 75 days overdue and plaintiff's cross-motion is now more than 30 days overdue. No explanation has been provided by either party for the failure to comply with the scheduling order. Neither party has moved for an enlargement of time in which to file the motions identified in the court's order of August 17, 2004, which remains in force.

Compliance with orders of this court is mandatory. Because of the parties' gross failure to comply with the August 17, 2004, scheduling order, this court will no longer entertain motions for summary judgment in this matter and will set the case for trial forthwith.

On or before January 31, 2005, the parties shall file a joint status report proposing a trial date and a schedule for pretrial filings. Failure to comply with this order will lead to the issuance of an order to show cause why sanctions should not be imposed. In addition, if a status report is not filed, the court will schedule trial based upon its own availability.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge