**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SAUL II SUBSIDIARY LIMITED PARTNERSHIP,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | COFC No. 02-98 C<br>(Judge Allegra) |

**STATUS REPORT ON BEHALF OF THE PARTIES**

Plaintiff Saul II Subsidiary Limited Partnership, by and through undersigned counsel, submits this status report on behalf of the parties pursuant to the Court's January 14, 2005 Order.[1] Plaintiff wishes to address the parties' failure to comply with the briefing schedule established by the Court in its August 17, 2004 scheduling order. Plaintiff also proposes a trial date and pretrial schedule, pursuant to the Court's order. Counsel for Plaintiff has consulted with counsel for Defendant the United States regarding the substance of this status report, and counsel for the government has expressed his agreement.

As expressed at the August 16, 2004 status conference, Plaintiff believes that the scope of the factual and legal issues in dispute and amount in controversy support the use of dispute resolution techniques short of a full trial. Counsel for Plaintiff and the government conferred prior to the status conference and agreed upon jointly developing stipulations of fact as a means

[1] On January 31, 2005, Plaintiff filed a Status Report on Behalf of the Parties. However, Plaintiff inadvertently filed a copy of a prior status report filed in the case rather than the correct status report. Plaintiff's inadvertence was due to selecting the wrong PDF file while uploading the document during the electronic filing process. Plaintiff files the correct status report, and apologizes for the oversight.

to limit the factual issues in dispute. The parties discussed this approach with the Court at the status conference, and the Court suggested a number of different methods by which the parties could develop a factual record and prepare the factual and legal issues for review by the Court. Counsel for the government proposed taking the lead in developing the stipulated facts and filing a subsequent dispositive motion. Counsel for Plaintiff agreed with that approach as it was in the interest of Plaintiff to do so.

Following the August 16th status conference, counsel for the government did not provide counsel for Plaintiff with proposed stipulations of fact. When counsel for the government did not file its motion for summary judgment, counsel for Plaintiff contacted counsel for the government to discuss the status of the case. Counsel for the government stated that he would file a dispositive motion along with a motion for a revised briefing schedule. When counsel for the government failed to file any motion by December 10, 2004, the date by which Plaintiff was to file its motion for summary judgment, counsel for Plaintiff again contacted counsel for the government to discuss the case status. Counsel for the government again stated that he would file a revised briefing schedule with the Court. No such briefing schedule has been filed. In addition, counsel for Plaintiff made repeated attempts to contact counsel for the government with respect to the joint status report required by the Court's January 14th order; however, counsel for the government did not respond until today, January 31, 2005. Counsel for Plaintiff understands that counsel for the government has been unavailable due to a family illness.

Plaintiff acknowledges that it did not follow the Court's August 17th scheduling order and unilaterally could have filed a dispositive motion with the Court. However, Plaintiff believed that counsel for the government would notify the Court to seek appropriate relief. Plaintiff is available should the Court desire to conduct a telephonic status conference with the

parties to discuss resolution of this action. The parties have identified issues that could be resolved by settlement. Plaintiff intends to pursue the resolution of these issues.

Pursuant to the Court's direction, Plaintiff would propose the following pretrial and trial schedule, pursuant to Appendix A of the Rules of the Court of Federal Claims:

March 7, 2005 – Meeting of counsel pursuant to Appendix A ¶ 13

March 21, 2005 – Plaintiff's Memorandum of Contentions of Fact and Law

April 18, 2005 – Defendant's Memorandum of Contentions of Fact and Law

May 9, 2005 – Final Pretrial Conference

May 23, 2005 – Trial

Respectfully submitted,

**WILLIAMS MULLEN**

By: /s/ Thomas O. Mason
Thomas O. Mason, Esq.
(Counsel of Record)
Francis E. Purcell, Jr., Esq.
(Of Counsel)
8270 Greensboro Drive
Suite 700
McLean, Virginia 22102
(703) 760-5200 (telephone)
(703) 748-0244 (facsimile)

Attorneys for Plaintiff Saul II Subsidiary
Limited Partnership

Dated: February 1, 2004

1120126v1