IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SAUL II SUBSIDIARY LIMITED PARTNERSHIP, Plaintiff, | ) | No. 02-98C (Judge Allegra) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant, it is stipulated and agreed between the parties:

1. On February 24, 1992, plaintiff, Saul II Subsidiary Limited, L.P. ("Saul II"), entered into lease No. GS-11B-20688 (the "lease") with the General Services Administration ("GSA") for 95,000 square feet of office space at 601 Pennsylvania Ave., N.W. in Washington, DC. The lease was effective May 1, 1992 to April 30, 2002.

2. Section 3.4 of the lease provides for adjustments in rent based upon increases or decreases in real estate taxes for the leased property. The parties dispute whether this section was amended to preclude adjustments in rent below the rent established in the base year of the lease.

3. On March 25, 1999, the GSA unilaterally issued a supplemental lease agreement asserting a credit of $377,695.21, based upon the decrease in taxes for the leased property from 1992 through 1998. The GSA deducted this amount from the following rent check due to Saul II under the lease.

4. On January 4, 2001, Saul II submitted a claim to the contracting officer in the amount of $377,695.21 pursuant to the Contract Disputes Act ("CDA"), based upon Saul II's belief that the credit taken by the GSA in 1999 was improper. On March 2, 2001, the contracting officer issued a final decision denying Saul II's claim.

5. On February 1, 2002, Saul II filed this suit challenging the contracting officer's final decision.

6. Saul II has offered to settle each and all of its consolidated claims in this case in exchange for payment by the United States of $64,000, plus CDA interest from January 4, 2001, with each party to bear its own costs, expenses, and attorney fees.

7. Saul II's offer has been accepted on behalf of the Attorney General.

8. The United States consents to entry of judgment against the United States in favor of Saul II as set out in paragraph 6.

9. Upon entry of judgment, Saul II releases, waives, and abandons all claims against the United States, its political sub-divisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case,

regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

10. Upon entry of judgment, the United States releases, waives, and abandons all claims against Saul II, its officers, agents, and employees, as well as Saul II's partners and their respective officers, agents and employees, arising out of or related to the contract or otherwise involved in this case, except for fraud, regardless of whether they were included in the United States' response to the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, off-sets and exemplary damages.

11. This stipulation is in no way related to or concerned with income or other taxes for which Saul II is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

12. The parties warrant and represent that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. The parties further warrant and represent that they have made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, this agreement shall be deemed null and void and

the aggrieved party may take any appropriate legal or administrative action as a result of the breach of warranty.

13. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

14. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

MICHAEL J. DIERBERG
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. St. NW
Washington, DC 20530
Telephone: (202) 353-0536
Facsimile: (202) 307-0972

June 27, 2005 Attorneys for Defendant

THOMAS O. MASON
FRANCIS E. PURCELL, JR.
Williams Mullen
8270 Greensboro Dr.
Suite 700
McLean, Virginia 22102
Telephone: (703) 760-5200
Facsimile: (703) 749-0244

June 22, 2005 Attorneys for Plaintiff

June 16, 2005

Saul II Representative
Saul Subsidiary II Limited Partnership
By: Saul Centers, Inc., G. P.

By: Charles W. Sherren, Jr., RPA
Senior Vice President, Management